(3 App. Div. 528.)

### PAOLO v. HUNTER.

(Supreme Court, Appellate Division, First Department. April 10, 1896.)

EMPLOYE—ACTION FOR INJURY—COMPLAINT.
> The complaint alleged that on and prior to a certain day plaintiff was employed as a laborer by defendant on a street for the purpose of making an excavation; that on that day defendant's foreman directed a driver to hitch horses to a stone, to pull it out for the purpose of making the excavation, and plaintiff was directed by the foreman to go behind the stone, and assist in moving it, and, having no knowledge of the extreme danger to his person of lifting behind the stone, he took the place assigned him behind the stone and against the wall of earth, and when the stone moved the wall of earth fell on him; that the place where he was put to work was dangerous in the extreme, which danger was known to defendant, but unknown to plaintiff; and that no instruction was given plaintiff by defendant as to the extra danger incurred in obeying the direction. *Held*, that the complaint was not demurrable as showing that the risk was a patent one, and one of the ordinary risks of the employment, or that the accident resulted from the negligence of a fellow servant.

Appeal from special term, New York county.

Action by Cero Mastro Paolo against James Hunter. From an interlocutory judgment entered on an order sustaining a demurrer to the complaint, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and WILLIAMS, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

Daniel J. Coughlan, for appellant.
A. H. Smith, for respondent.

PATTERSON, J. This is an appeal from an interlocutory judgment entered upon an order sustaining a demurrer to the complaint herein, the ground of the demurrer being that the complaint does not state facts sufficient to constitute a cause of action. The plaintiff seeks to recover damages for injuries sustained by him while at work as a laborer employed with others by the defendant in making an excavation in one of the public streets of the city of New York. It is averred in the complaint that "on and prior to the 12th day of July, 1895," the plaintiff was employed as stated, and that on that day "the foreman of the above-named defendant directed a driver to hitch four horses to a stone to pull it out from its place for the purpose of making the aforesaid excavation, which the driver did; and this plaintiff was directed by the aforesaid foreman to go behind the stone, and assist the horses in moving the stone; and that this plain-

tiff, having no knowledge of the extreme danger to his person of lift-
ing behind the stone, obeyed the direction of the foreman, and took
the place assigned to him behind the stone and against the wall of
earth, and, when the stone moved, the wall of earth fell upon this
plaintiff, crushing him," etc.   The plaintiff "alleges that the place
where the plaintiff was put to work was dangerous in the extreme,
which danger was known to the defendant and was unknown to this
plaintiff, and that no instruction was given to this plaintiff by the
defendant as to the extra danger incurred in obeying the direction of
the defendant."   Two grounds were assigned by the learned judge
below for sustaining the demurrer:   First, that the plaintiff assumed
the ordinary risks of his employment, among which was that of be-
ing injured in helping to remove the stone for the purpose of exca-
vating,—a risk, it is said, that must have been patent to the obser-
vation of the plaintiff and of every one else,—and that there was no
duty owing by the master "to instruct" the plaintiff; and, second,
that, in any event, the defendant is not liable, because the negligence
resulting in the injury was that of a fellow servant of the plaintiff,
and not of the defendant himself.   No fault can be found with the
general expression of views of the court below on the abstract rule of
liability controlling in cases of this kind, and which in all likelihood
may be found to be applicable when the plaintiff's evidence is all in;
but the learned court has disposed of the matter by anticipating
what may appear on the trial, but what is not contained, either di-
rectly or inferentially, in the complaint.   All the allegations of fact
being admitted by the demurrer, it stands conceded that the plain-
tiff was put to work in a dangerous place, or, as the complaint char-
ges, a place of extreme danger.   It is also conceded that the danger
was unknown to the plaintiff, and that it was known, not to the fore-
man only, but to the defendant personally, and that no information
of the unsafe character of the place was given to the plaintiff.   There-
fore the facts are that the defendant, aware that there was a dan-
gerous place at which his servant would be put to work, allows
that servant, ignorant of the danger, to go to that place, fails to
inform him or notify him in any way of the extreme risk he will
run, negligently forbears to caution him in any way, or to give him
an opportunity to decline the service, and the servant is injured in
consequence.   The allegations are not such as to make the facts
speak for themselves to show that the danger was apparent to
any one.   It is an inference of the court's that the work was not
of such a kind as to call for "instruction" by the employer to his
servant.   The averment is that the servant was in complete igno-
rance of the danger, and it cannot be ignored.   The allegation as to
"instruction" does not relate to tuition how to work, or how to avoid
injury at a dangerous place, as the court below evidently interprets
it, but instruction in the sense of conveying information so that the
plaintiff would have knowledge of the fact that the place he was
ordered to work at was one of danger.   The demurrer admits the
servant did not know it, and hence that he did not see it.   The
court assumes he must have done so despite the admission by the
demurrer that he did not.   According to the plaintiff's statement,

he was sent to this, to him unknown, place of danger, directed to do something extremely perilous, he having the right to assume he would be sent to a safe place.    That is enough, in connection with the allegation of the defendant's personal knowledge referred to, to show a failure of duty on the part of the employer.    "A master owes the duty to his servant of furnishing    *    *    *    a safe and proper place in which to prosecute his work, and, when they are needed, the employment of skillful and competent workmen to direct his labor and assist in the performance of his duties."    Pantzar v. Mining Co., 99 N. Y. 372, 2 N. E. 24.    That is the theory of the plaintiff's cause of action.    Whether it will stand the test of evidence can only be seen on the trial.    The court assumed that the work of removing the bowlder was part of the work of excavating, and by so doing brought the case within the ruling in Cullen v. Norton, 126 N. Y. 1, 26 N. E. 905.    The complaint suggests, although it does not distinctly state, that it was work preparatory to excavating, and the court's assumption is scarcely justified by the simple averment that the plaintiff, on and before the day named in the complaint, was employed "for the purpose of making an excavation in the street."    Nor can it be said that the complaint shows on its face that the accident was caused by the negligence of the fellow servant.    The facts are not stated as definitely as could be desired, but the meaning of the complaint is that the master himself, knowing the place was dangerous, failed in his duty to the plaintiff by neglecting "to instruct" him that such was the condition.    It charges a direct violation of duty on the master, the whole extent of which cannot be ascertained until all the evidence is before the court.    As above stated, the error is in disposing of the case on demurrer by assuming what does not now appear on the face of the pleading, and without giving due effect to the allegations of the complaint, construed, as the law requires, liberally, with a view to substantial justice between the parties.

The interlocutory judgment should be reversed, and the demurrer overruled, with costs, with liberty to the defendant to withdraw the demurrer and answer on payment of the costs of this appeal and in the court below.    All concur.